IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CEDRIC HAYNES                                                                                   PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:20-CV-00155-GHD-DAS

FEDERAL INSURANCE COMPANY                                              INTERVENOR PLAINTIFF

v.

PRICE LOGPRO, LLC; et al.                                                                    DEFENDANTS

### OPINION DENYING DEFENDANT BID AUTOMATION, LLC'S MOTION TO DISMISS

Presently before the Court in this personal injury products liability litigation is the Defendant Bid Automation, LLC's Motion to Dismiss [115] pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Upon due consideration and as set forth below, the Court finds that the motion should be denied.

### I. Factual and Procedural Background

The Plaintiff was employed by the non-party Winston Plywood & Veneer, LLC, in Louisville, Mississippi, as a utility chipper [Third Amd. Compl., Doc. 88, at p. 5]. On December 10, 2017, while at work and using a conveyor system, the Plaintiff's left arm was pinned between a log and the conveyor's frame and was amputated below the elbow [*Id.*]

The Plaintiff filed his original complaint in this matter on July 21, 2020 [1], alleging claims against several of the Defendants as well as against John Doe Defendants 1-10 [*Id.*] The Plaintiff has since filed three amended complaints, most recently on June 4, 2021 [88]. In his Third Amended Complaint, which was filed pursuant to leave of this Court, the Plaintiff for the first time alleged claims against the moving Defendant, Bid Automation, LLC (formerly known as Tri-Delta

Systems Automation, LLC) [87, 88, at p. 6]. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Bid Automation moves to dismiss the Plaintiff's claims as barred by the applicable statute of limitations.

## II. Standard for Rule 12(b)(6) Dismissal

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a

claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011). A statute of limitations may "support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III. Analysis

In diversity actions such as this one, state law provides the applicable statute of limitations for state law claims. *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001). Under Mississippi law, the statute of limitations for products liability and negligence claims is three years. Miss. Code Ann. § 15-1-49.

In the case *sub judice*, the Plaintiff's claims indisputably accrued on December 10, 2017; thus, the statute of limitations on the Plaintiff's claims expired on December 10, 2020. Accordingly, because the Plaintiff's Third Amended Complaint, which added the Defendant Bid Automation as a party, was filed on June 4, 2021, in order for the Plaintiff to maintain his claims against Bid Automation, the Plaintiff's Third Amended Complaint must relate back to the date of the Plaintiff's original complaint, which was indisputably filed within the applicable three-year limitations period.

Two Mississippi Rules of Civil Procedure are relevant here. First, Rule 9(h), regarding the

pleading against fictitious parties, provides that "when a party is ignorant of the name of an opposing party and so alleges in his pleading," the party may be designated as a "John Doe" defendant, and when the true name of the party is discovered the pleadings may be amended by substituting the parties' true name. Miss. R. Civ. P. 9(h). Second, Rule 15(c)(2), regarding the relation back of amended pleadings, states that "[a]n amendment pursuant to Rule 9(h) . . . relates back to the date of the original pleading." Miss. R. Civ. P. 15(c)(2). Accordingly, if the Plaintiff properly amended his Complaint pursuant to Miss. R. Civ. P. 9(h), then his Third Amended Complaint relates back to the date of his original Complaint, which was timely filed.

The Court finds that the Plaintiff did properly amend his Complaint pursuant to Miss. R. Civ. P. 9(h). Accordingly, the claims against Bid Automation relate back to the date of the Plaintiff's original Complaint and are timely. The Plaintiff clearly pled, in his original Complaint, that there were up to ten John Doe defendants who "are or may be liable" to the Plaintiff [1, at p. 2]. The Plaintiff then amended that language in his Second Amended Complaint, which was also timely filed prior to the expiration of the statute of limitations, and averred that the "negligent acts [of the John Doe defendants] caused or contributed to the Plaintiff's injuries." [Second Amd. Compl., Doc. 26, at p. 3]. Given this language, the Court finds that the Plaintiff clearly and sufficiently pled the existence of John Doe defendants in his original complaint, as well as in his First and Second Amended Complaints. Once the Plaintiff discovered that Bid Automation was potentially liable, the Plaintiff immediately motioned the Court, successfully, to amend his Complaint to add Bid Automation as a Defendant [84, 87, 88]. The Court therefore finds that the Plaintiff's Third Amended Complaint, and thus his claims against Bid Automation, relate back to the date of the filing of the original complaint. The Defendant Bid Automation's motion to dismiss is therefore denied.

4

### IV. Conclusion

For the above-stated reasons, the Court finds that the Defendant Bid Automation, LLC's motion to dismiss [115] shall be denied, and this matter shall proceed with Bid Automation, LLC, formerly known as Tri-Delta Systems Automation, as a party Defendant.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of March, 2022.

SENIOR U.S. DISTRICT JUDGE